WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
Eric J. Firstman – 111534
Gregory R. Aker – 104171
William L. Darby – 133325
Richard E. Elder- 205389
300 Lakeside Drive, 24th Floor
Oakland, CA 94612-3524
Telephone:  (510) 835-9100
Facsimile:  (510) 451-2170
e-mail: gaker@wulfslaw.com

Attorneys for Plaintiffs
CITY OF ALAMEDA, and its
Department, ALAMEDA POWER & TELECOM

OFFICE OF THE CITY ATTORNEY
CITY OF ALAMEDA
Teresa L. Highsmith – 155262
2263 Santa Clara Avenue, Room 280
Alameda, California  94501
Telephone:  (510) 747-4750
Facsimile:  (510) 747-4767
Email: thighsmi@ci.alameda.ca.us

Attorneys for Plaintiffs and Counterclaim Defendants
CITY OF ALAMEDA

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF ALAMEDA, CALIFORNIA,  on behalf of itself and ALAMEDA POWER & TELECOM, a department of the City of Alameda, ALAMEDA PUBLIC FINANCING AUTHORITY; and ALAMEDA PUBLIC IMPROVEMENT CORPORATION, Municipal Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>NUVEEN MUNICIPAL HIGH INCOME OPPORTUNITY FUND; THE NUVEEN MUNICIPAL TRUST; and NUVEEN ASSET MANAGEMENT, INC,<br><br>        Defendants.<br><br>And Related Actions | Case No. C 08-004575 SI<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Judge:  The Hon. Susan Illston** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation and its related case would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.26(c).

2.4    "Highly Confidential"- Attorneys" Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

-1-

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential- Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

//

//

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

-2-

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    4.    DURATION

2    Even after the termination of this litigation, the confidentiality obligations imposed by this

3    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

4    otherwise directs.

5    5.    DESIGNATING PROTECTED MATERIAL

6    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

7    non-party that designates information or items for protection under this Order must take care to

8    limit any such designation to specific material that qualifies under the appropriate standards. A

9    Designating Party must take care to designate for protection only those parts of material,

10    documents, items, or oral or written communications that qualify - so that other portions of the

11    material, documents, items, or communications for which protection is not warranted are not swept

12    unjustifiably within the ambit of this Order.

13    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

14    shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

15    unnecessarily encumber or retard the case development process, or to impose unnecessary

16    expenses and burdens on other parties), expose the Designating Party to sanctions.

17    If it comes to a Party's or a non-party's attention that information or items that it designated

18    for protection do not qualify for protection at all, or do not qualify for the level of protection

19    initially asserted, that Party or non-party must promptly notify all other parties that it is

20    withdrawing the mistaken designation.

21    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or

22    as otherwise stipulated or ordered, material that qualifies for protection under this Order must be

23    clearly so designated before the material is disclosed or produced.

24    Designation in conformity with this Order requires:

25    (a) for information in documentary form (apart from transcripts of depositions or

26    other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

27    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains

28    protected material If only a portion or portions of the material on a page qualifies for protection,

-3-

the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 45 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 45 days shall be covered by the provisions of this Stipulated Protective Order.

(c) <u>for information produced in some form other than documentary. and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential- Attorneys' Eyes Only."

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material If material is appropriately designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1   treated in accordance with the provisions of this Order.

2        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

3        6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

4   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

5   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

6   its right to challenge a confidentiality designation by electing not to mount a challenge promptly

7   after the original designation is disclosed.

8        6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's

9   confidentiality designation must do so in good faith and must begin the process by serving written

10  objections or conferring with counsel for the Designating Party.

11       6.3    Judicial Intervention. A Designating Party that elects to press a confidentiality

12  designation after considering the objection offered by the Challenging Party may, within 21 days

13  of receipt of the objection or conferring with the Challenging Party, file and serve a motion under

14  Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the

15  designation. Each such motion must be accompanied by a competent declaration that affirms that

16  the movant has met and conferred in good faith and that sets forth with specificity the justification

17  for the confidentiality designation.

18       The burden of persuasion in any such challenge proceeding shall be on the Designating

19  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

20  question the level of protection to which it is entitled under the Producing Party's designation.

21       If a Designating Party fails to make such a motion within 21 days of receipt of written

22  objections or conferring with the Challenging Party, the level of protection to which the material in

23  question shall be entitled shall be downgraded to the level advocated by the Challenging Party.

24       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

25       7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

26  produced by another Party or by a non-party in connection with this case only for prosecuting,

27  defending, or attempting to settle this litigation or its related case. Such Protected Material may be

28  disclosed only to the categories of persons and under the conditions described in this Order. When

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (010) 835-9100

-5-

the litigation has been terminated, Receiving Parties will comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner reasonably calculated to limit access to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party;

(c) experts (as defined in this Order) of the Receiving Party;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary

(g) the author of the document or the original source of the information.

(h) outside counsel for the parties in the related action, as well as employees of said counsel.

7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel;

(b) House Counsel of a Receiving Party who has no involvement in competitive decision-making;

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    (c) Experts (as defined in this Order);

2    (d) the Court and its personnel;

3    (e) court reporters, their staffs, and professional vendors to whom disclosure is

4 reasonably necessary for this litigation; and

5    (f) the author of the document or the original source of the information,

6    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

7 OTHER LITIGATION.

8    If a Receiving Party is served with a subpoena or an order issued in other litigation that

9 would compel disclosure of any information or items designated in this action as

10 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

11 Receiving Party shall notify the Designating Party, in writing as soon as practical after receiving

12 the subpoena or order.

13    The Receiving Party also must inform the Party who caused the subpoena or order to issue

14 in the other litigation that some or all the material covered by the subpoena or order is the subject

15 of this Protective Order.

16    The purpose of imposing these duties is to alert the interested parties to the existence of this

17 Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

18 confidentiality interests in the court from which the subpoena or order issued. The Designating

19 Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

20 material- and nothing in these provisions should be construed as authorizing or encouraging a

21 Receiving Party in this action to disobey a lawful directive from another court.

22    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

24 Material to any person or in any circumstance not authorized under this Stipulated Protective

25 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

26 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

27 inform the person or persons to whom unauthorized disclosures were made of the terms of this

28 Order, and (d) request such person or persons to return or destroy all copies of the Protected

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

-7-

1   Material.

2       10.   <u>FILING PROTECTED MATERIAL</u>. A Party that seeks to file Protected Material

3   shall do so under seal and shall comply with Civil Local Rule 79-5.

4       11.   <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the

5   Producing Party, after the final termination of this action and upon request of the designating party,

6   each Receiving Party shall make reasonable efforts to return all Protected Material to the

7   Producing Party or destroy that material, except that in no event shall counsel be required to return

8   or destroy information which has become part of counsel's notes, memoranda, working files or

9   other work product.  Counsel shall also be permitted to maintain one (1) complete copy of its file

10  including materials produced in discovery.  Any such archival copies that contain or constitute

11  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION),

12  above.

13      12.   <u>MISCELLANEOUS</u>

14      12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

15  seek its modification by the Court in the future.

16      12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order

17  no Party waives any right it otherwise would have to object to disclosing or producing any

18  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

19  Party waives any right to object on any ground to use in evidence of any of the material covered by

20  this Protective Order.

21  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. DATED:

22

23  DATED:  February 12, 2009        WULFSBERG, REESE, COLVIG & FIRSTMAN, P.C.

24

25

26          By____/s/ Gregory Aker_____
                Gregory Aker
27              Attorney for Plaintiff and Counterclaim Defendant
                The City of Alameda California

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

-8-

1

2

3    DATED: February 12, 2009          DAVIS & CERIANI, P.C.

4

5                                      By   /s/ Melissa Hessler
                                            MICHAEL P. CILLO
6                                           MELISSA J. HESSLER

7                                      Attorneys for Defendants and Counterclaimants
                                       NUVEEN MUNICIPAL HIGH INCOME
8                                      OPPORTUNITY FUND, et al.

9

10   DATED: February 12, 2009          SHARTSIS FRIESE LLP

11

12                                     By   /s/ Jahan Raissi
                                            ROBERT C. FRIESE
13                                          JAHAN P. RAISSI

14                                     Attorneys for Counterclaim Defendant
                                       STONE & YOUNGBERG LLC
15

16

17   PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19   DATED: _____

20                                     The Hon. Susan Ilston
                                       United States District/Magistrate Judge
21

22

23

24

25

26

27

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

-9-