1   Harvey I. Saferstein (SBN: 49750)
    Nada I. Shamonki (SBN: 205359)
2   MINTZ LEVIN COHN FERRIS GLOVSKY AND
    POPEO P.C.
3   Century Plaza Towers
    2029 Century Park East, Suite 1370
4   Los Angeles, CA 90067
    Telephone:  (310) 586-3200
5   Fax:  (310) 586-3202
    Email:  hsaferstein@mintz.com; nshamonki@mintz.com
6
    Michael P. Cillo, Esq. (*Admitted Pro Hac Vice*)
7   Melissa J. Hessler, Esq. (*Admitted Pro Hac Vice*)
    DAVIS & CERIANI, P.C.
8   1350 17th Street, Suite 400
    Denver, Colorado 80202
9   Telephone:  (303) 534-9000
    Fax:  (303) 534-4618
10  Email:  mcillo@davisandceriani.com; mhessler@davisandceriani.com

11  Attorneys for Counterclaim Plaintiffs
    Nuveen Municipal High Income Opportunity Fund,
12  the Nuveen Municipal Trust on behalf of its series
    Nuveen High Yield Municipal Bond Trust, and
13  Pacific Specialty Insurance Co.

14                      **UNITED STATES DISTRICT COURT**

15                     **NORTHERN DISTRICT OF CALIFORNIA**

16                        **SAN FRANCISCO DIVISION**

17  CITY OF ALAMEDA, CALIFORNIA, on          ) Case No. C 08-04575 SI
    behalf of itself and ALAMEDA POWER &     )
18  TELECOM, a department of the City of     )
    Alameda; ALAMEDA PUBLIC FINANCING        )
19  AUTHORITY; and ALAMEDA PUBLIC            ) **DEFENDANT AND**
    IMPROVEMENT CORPORATION,                 ) **COUNTERCLAIM PLAINTIFFS'**
20                                           ) **NOTICE OF MOTION AND**
                                             ) **MOTION TO REALIGN PARTIES**
21                  Plaintiffs,              )
                                             )
22            vs.                            ) Date: March 5, 2010
                                             ) Time: 9:00 a.m.
23  NUVEEN MUNICIPAL HIGH INCOME             ) Courtroom: 10
    OPPORTUNITY FUND; and THE NUVEEN         ) Judge: Honorable Susan Illston
24  MUNICIPAL TRUST, on behalf of its series )
    NUVEEN HIGH YIELD MUNICIPAL BOND )
25  FUND,                                    )
                                             )
26                  Defendants.              )
    _____    )
                                             )
27  NUVEEN MUNICIPAL HIGH INCOME             )
    OPPORTUNITY FUND, a Massachusetts        )
28

business trust; THE NUVEEN MUNICIPAL   )
TRUST on behalf of its series NUVEEN HIGH )
YIELD MUNICIPAL BOND FUND, a           )
Massachusetts business trust, and PACIFIC )
SPECIALTY INSURANCE COMPANY, a         )
California Insurance Company,           )
                                       )
            Counterclaim Plaintiffs,   )
                                       )
      vs.                              )
                                       )
CITY OF ALAMEDA CALIFORNIA;            )
ALAMEDA POWER & TELECOM, a             )
department of the City of Alameda;     )
ALAMEDA PUBLIC FINANCING               )
AUTHORITY, an unregistered California  )
corporation; ALAMEDA PUBLIC            )
IMPROVEMENT CORPORATION, a             )
California non-profit public benefit corporation; )
STONE & YOUNGBERG, LLC, a California   )
limited liability company; and UPTOWN  )
SERVICES, INC., a private corporation f/k/a )
Uptown Services, LLC,                  )
                                       )
            Counterclaim Defendants.   )
_____)

Defendants and Counterclaim Plaintiffs, Nuveen Municipal High Income Opportunity Fund, The Nuveen Municipal Trust on behalf of its series Nuveen High Yield Municipal Bond Fund and Counterclaim Plaintiff Pacific Specialty Insurance Company (hereinafter "Nuveen Funds and Pacific"), submit the following Motion to Realign the parties:

## BACKGROUND

The City of Alameda, California ("Alameda"), acting through various of its agencies, issued $33,000,000 in face value of Bond Anticipation Notes ("Notes") in March 2004 to re-finance outstanding debt and complete construction of a cable television system ("Telecom System" or "System"). The Notes were issued through a prospectus (a Preliminary Official Statement ("POS") and Official Statement ("OS"). The Nuveen Funds and Pacific relied upon the POS and OS and purchased $22,550,000 in face value of the Notes from the underwriter, Stone & Youngberg, LLC, in 2004 and 2005.

Defendant and Counterclaim Plaintiffs' Notice
of Motion and Motion to Realign
Case No. C 08-04575 SI

Alameda informed the Nuveen Funds and Pacific in early 2008 that the Telecom System was not economically feasible and demanded that the Nuveen Funds and Pacific approve the sale of the System to its chief competitor, Comcast, for about fifty cents on the dollar.  The Nuveen Funds and Pacific agreed to the sale of the System to mitigate damages, but reserved the right to bring an action against Alameda for Alameda's failure to disclose that it knew, at the time it issued the Notes, that the System was not economically viable.

Alameda filed a declaratory judgment action under 28 U.S.C. Section 2201(a) ("Declaratory Judgment Action") on October 1, 2008 against the Nuveen Funds alleging that disclosure in the POS and OS was adequate.   On October 16, 2008, the Nuveen Funds filed an Answer to the Declaratory Judgment Action and filed a Counterclaim against Alameda asserting claims under Section 10b of the 34 Act, fraud and negligence based claims under the California Corporate Code, Illinois Securities Act claims and common law claims for fraud, aiding & abetting and negligent misrepresentation.   The Nuveen Funds and Pacific also asserted third party claims against the underwriter, Stone & Youngberg.  A First Amended Counterclaim was filed on May 29, 2009.  A related civil action was filed by the Bernard Osher Trust ("Osher Action") based on nearly identical facts and alleging the same legal claims.

The Nuveen Funds and Pacific bear the burden of proof.  This is best evidenced by the fact that they had to overcome the extensive motions to dismiss filed by Alameda and Stone & Youngberg.  Osher, like Nuveen and Pacific, seeks to recover against Alameda as the purchaser of the Bonds and is the plaintiff in its action.  Nuveen and Pacific, like Osher, are plaintiffs with respect to their claims against Stone & Youngberg.   The Nuveen Funds and Pacific seek realignment of the parties because they have the burden of proof and are plaintiffs in everything but name.  The Nuveen Funds and Pacific should occupy the same position against Alameda in this litigation as Osher does.  Although Alameda agrees that the Nuveen Funds and Pacific bear the burden of proof, Alameda objects to the relief requested herein.  *See Exhibit A.*

**ARGUMENT**

A court typically realigns parties according to their real interests, so as to accurately reflect the parties' interests in the outcome of the case.  *See Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69 (1941).  In *Dolch v. United California Bank,* 702 F.2d 178 (9th Cir. 1983), the Ninth Circuit recognized that:

> The courts, not the parties, are responsible for aligning the parties according to their interests in litigation.  If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff.

*Id.* at 180.   Those who take antagonistic positions on the "primary and controlling matter" in the dispute are properly classified as plaintiffs and defendants.  *See Indianapolis v. Chase Nat'l Bank,* 314 U.S. at 72.   The court's duty is to "look beyond the pleadings, and arrange the parties according to their sides in the dispute."  *Id.* at 69.

The Ninth Circuit employs the "primary purpose test."  Under the primary purpose test "if the interests of a party named as a defendant coincide with those of a plaintiff in relation to the [primary] purpose of the lawsuit, the named defendant must be realigned as a plaintiff . . . ." *Prudential Real Estate Affil, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 873 (9th Cir. 2000); *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987). When evaluating the primary purpose of the litigation, the court should first look to the pleadings and may also look beyond the pleadings to determine the actual interests of the parties.  *Angst v. Royal Maccabees Life Ins. Co.,* 77 F.3d 701, 704 (3rd Cir. 1996).  Courts should align the parties in accordance with the primary dispute in the controversy, "despite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue." *United States Fidelity & Guaranty Co. et al v. Thomas Solvent Co. et al,* 955 F.2d 1085, 1089 (6th Cir. 1992).

Disputes over realignment typically arise in the context of determining whether diversity jurisdiction exists.   However, courts have found realignment to be appropriate in other circumstances.  For instance, a defendant's motion to realign was granted where the court found

Defendant and Counterclaim Plaintiffs' Notice
of Motion and Motion to Realign

Case No. C 08-04575 SI

that "from a practical standpoint" forcing that party to continue as a defendant "would frustrate the adversarial purpose of the judicial system," since the party's interests were more aligned with those of a plaintiff.  *Christie v. Standard Ins. Co.,* WL 31505648 *6 (N.D. Cal. 2002).  Nothing in the diversity cases explicitly limits a court's ability to realign in a case where, as here, jurisdiction is not an issue and where the declaratory action is actually asserted as a defense to the counterclaim. *See Plumtree Software, Inc. v. Datamize, LLC,* WL 25841157 *3 (N.D. Cal. 2003).

Ordinarily, a court extends the privilege of opening and closing the case to the party that has the burden of proof.  *Dishman v. American Gen. Assurance Co.,* 193 F.Supp.2d 1119, 1128 (N.D. Iowa 2002) (citing *Anheuser-Busch, Inc. v. John Labatt,* 89 F.3d 1339, 1344 (8th Cir. 1996); *Martin v. Chesebrough-Pond's, Inc.,* 614 F.2d 498, 501 (5th Cir. 1980).  Alameda agrees that the Nuveen Funds and Pacific bear the burden of proof.  *See Exhibit A.*  Realignment is appropriate where (1) the named defendant is more properly considered the natural plaintiff whose case is primary and thus has the burden of proof, and (2) where the realignment might aid the logical presentation of evidence at trial.  As a result, in a declaratory action in which the defendant "would bear the burden of affirmative proof were the action brought in traditional form, the underlying . . . assignment of burdens is not altered." *See   United Pacific Ins. Co. v. Safety-Kleen Corp.,* WL 505393 *4 (N.D. Cal. 1993); *see also Plumtree Software, supra* at *4.

## CONCLUSION

The Nuveen Funds and Pacific bear the burden of proof and are the natural plaintiffs. Realignment of the parties will aid in the logical presentation of evidence at trial.  The Nuveen Funds and Pacific should have the privilege of opening and closing to the jury.  The Nuveen Funds and Pacific respectfully request the Court grant this Motion and realign the parties.

Dated:  January 20, 2010                            Respectfully submitted,

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**

*/s/ Harvey I. Saferstein*
Harvey I. Saferstein

5               Defendant and Counterclaim Plaintiffs' Notice of Motion and Motion to Realign

Case No. C 08-04575 SI

Nada I. Shamonki

**DAVIS & CERIANI, P.C.**

*/s/ Melissa J. Hessler*
Michael P. Cillo
Melissa J. Hessler
*Attorneys for Counterclaim Plaintiffs Nuveen*
*Municipal High Income Opportunity Fund, the*
*Nuveen Municipal Trust on behalf of its series*
*Nuveen High Yield Municipal Bond Trust, and*
*Pacific Specialty Insurance Co.*

Defendant and Counterclaim Plaintiffs' Notice
of Motion and Motion to Realign
Case No. C 08-04575 SI

**CERTIFICATE OF SERVICE**

I am a resident of the State of Colorado, over the age of eighteen years, and not a party to the within action.  My business address is 1350 17th Street, Suite 400, Denver, Colorado 80202.

I hereby certify that on January 20, 2010, I electronically filed the **DEFENDANT AND COUNTERCLAIM PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REALIGN PARTIES** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registered parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 20, 2010, at Denver, Colorado.


*/s/Anna K. Cillo*

Defendant and Counterclaim Plaintiffs' Notice
of Motion and Motion to Realign
Case No. C 08-04575 SI