IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF ALAMEDA,

      Plaintiff,

  v.

NUVEEN MUNICIPAL HIGH INCOME OPPORTUNITY FUND, *et al.*,

      Defendants.
                                 /

No. C 08-4575 SI

**ORDER RE: DISCOVERY**

The parties have filed letter briefs regarding a dispute over the City's attempt to take a "custodian of records" Rule 30(b)(6) deposition on document retention, search and production issues.[1] The City asserts that the two individuals previously produced by Nuveen to testify about the noticed deposition topics were inadequately prepared, and the City moves to compel a resumed four hour deposition on various topics. The City also moves to compel production of Nuveen's document retention policies in place from 2003 to the present in order to complete the Rule 30(b)(6) deposition. Finally, the City requests that the Court order Nuveen to produce the witness (or witnesses) in the Bay Area.

In response, Nuveen agrees with the City that the prior Rule 30(b)(6) deponents were unable to testify about Nuveen's search for and production of electronic documents other than email. Nuveen asserts that any resumed deposition should be limited to that topic, last no more than one hour, and take place either by telephone or at Nuveen's headquarters in Chicago where all counsel will be present in April for depositions of Nuveen's witnesses. Nuveen also seeks a protective order with regard to its 2003 email archive. Nuveen states that it has reviewed two million production documents and there is

---

[1] The parties' letter briefs are found at Docket Nos. 105, 109-113.

no documentation indicating that Stone & Youngberg or anyone else contacted Nuveen about the Notes prior to early 2004.[2] With regard to the production of document retention schedules, Nuveen argues that it has produced all such documents insofar as they relate to the purchase of municipal bonds, and that it objects to producing copies of policies and procedures relating to Municipal Securities Rulemaking Board and SEC rules and regulations having nothing to do with the purchase of municipal bonds.

The Court has reviewed the voluminous letter briefs filed by the parties and concludes that the City is entitled to a further Rule 30(b)(6) deposition limited to the topic of Nuveen's search for and production of electronic documents other than email. The City has not shown that the previous deponents were unable to testify about the Nuveen's search for and production of paper documents and email. Although theoretically the 2003 email archive could contain relevant documents, the fact that none of the two million documents searched thus far indicate that anyone contacted Nuveen about the sale of the Notes prior to 2004 suggests that the 2003 email archive does not contain relevant documents. Thus, absent some showing by the City that the 2003 email archive actually contains responsive documents, the Court agrees with Nuveen that a search of this archive is burdensome and not likely to lead to relevant information. Finally, the City has not demonstrated that the disputed requests for production relate to the matters in this litigation, namely the purchase and ownership of municipal bonds.

Accordingly, the Court orders that the City may take a further Rule 30(b)(6) deposition limited to the topic of Nuveen's search for and production of electronic documents other than email. The deposition shall be limited to two hours, and shall take place either by telephone or in Chicago in April. The parties shall meet and confer regarding the scheduling of the deposition.

**IT IS SO ORDERED.**

Dated: March 16, 2010

SUSAN ILLSTON
United States District Judge

---

[2] The City objects that the parties have not sufficiently met and conferred on the issue of the 2003 email archive. However, the parties' flurry of discovery letters suggests that any further meet and confer on this issue would be futile.

2