IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ALAMEDA, CALIFORNIA, | No. C 08-4575 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| NUVEEN MUNICIPAL HIGH INCOME OPPORTUNITY FUND, *et al.*, | |
| Defendants. / | |

This order resolves several pending discovery disputes.[1]

### I. City of Alameda's motion to compel re: Interrogatory No. 3

The City of Alameda has moved to compel a response to Interrogatory No. 3, which asks Nuveen to "Identify all Revenue Bond Anticipation Notes ["RBANs"] that you have bought or sold in the last ten years." Alameda contends that the discovery sought is relevant to Nuveen's status as a "sophisticated investor" within the meaning of the federal securities laws. Alameda argues that if the discovery shows that Nuveen had experience investing in RBANs, that experience would show that Nuveen understood the risk that it took in purchasing the RBANs at issue in this case. In contrast, if the discovery shows that Nuveen did not have experience investing in RBANs, Alameda argues "that would demonstrate the highly unusual nature of the securities at issue which also highlights the risk inherent in the RBANs at issue here and Nuveen's awareness of that risk." Docket No. 131 at 1.

Nuveen responds that the Alameda RBANs are unique, and thus the purchase – or absence of

---

[1] The parties' letter briefs are found at Docket Nos. 131, 133, 137, 138, 144, and 149.

purchase – of other RBANs is irrelevant. Nuveen also asserts that the discovery is burdensome because it covers all RBANs purchased by all 63 Nuveen funds over a ten year period, and not just the two Nuveen funds that are parties to this lawsuit. Finally, Nuveen argues that it has already provided relevant discovery, limited to the two Nuveen funds that are parties, through a Rule 30(b)(6) deposition as well as through meet and confer emails from counsel.

The Court finds that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence and GRANTS Alameda's motion to compel. (Docket No. 131). Nuveen's institutional experience investing in RBANs is relevant to the claims and defenses in this case. Nuveen is free to argue that its experience with other RBANs is distinguishable from the Alameda RBANs. While there is some burden associated with the discovery sought, the Court finds that the potential relevance outweighs the burden involved in responding to the interrogatory. Nuveen shall respond to Interrogatory No. 3 no later than **December 17, 2010**, unless the parties agree upon a different date.

## II. City of Alameda's motion to compel re: Requests for Production of Documents Nos. 91-95 and 99-100

The City of Alameda moves to compel responses to Requests for Production of Documents Nos. 91-95 and 99-100. The requests at issue are:

**Request No. 91**:

All DOCUMENTS PERTAINING TO YOUR consideration between January 1, 2003 and December 31, 2005, of any purchase of or investment in fixed income or debt securities with a rating, either internal or external, lower than BBB, including but not limited to New Issue Reports.

**Request No. 92**:

All DOCUMENTS PERTAINING TO YOUR analysis of individual fixed income or debt securities with a rating, either internal or external, lower than BBB.

**Request No. 93**:

All DOCUMENTS PERTAINING TO YOUR observation or surveillance of fixed income or debt securities with a rating, either internal or external, lower than BBB, including but not limited to Surveillance Reports.

**Request No. 94**:

All DOCUMENTS PERTAINING TO average yields of municipal fixed income or debt securities generated between January 1, 2003 and December 31, 2005, including but not

limited to yield curves.

**Request No. 95**:

All DOCUMENTS PERTAINING TO YOUR consideration, analysis, purchase or surveillance of any revenue bond anticipation notes including but not limited to New Issue Reports and Surveillance Reports.

**Request No. 99**:

All DOCUMENTS PERTAINING TO default rates for "below investment grade," high-yield or junk municipal fixed income or debt securities.

**Request No. 100**:

All DOCUMENTS PERTAINING TO recover rates or loss severities in cases of default on "below investment grade," high-yield or junk municipal fixed income or debt securities.

Alameda characterizes these requests for production as "seeking information regarding Nuveen's contentions as to the true value of the [RBANs] at issue in this case and Nuveen's willingness to buy risky bonds." Docket No. 137 at 1. Alameda argues that the requests seek information necessary to (1) establish that Nuveen would have bought the RBANs even if the facts that Nuveen alleges were concealed were disclosed, (2) establish that Nuveen would have paid the same price for the RBANs even if those allegedly concealed facts were disclosed, and (3) learn the facts that Nuveen will rely on at trial to argue that it would not have purchased the RBANs or would have paid a different price if disclosure had included the allegedly concealed facts.

Nuveen objects that the requests are extremely overbroad, vague, burdensome, and largely irrelevant. Nuveen argues that the requests essentially seek production of every document created in connection with the purchase of any non-investment grade bond by any of Nuveen's 63 funds with, for the most part, no time limitation. Nuveen asserts that the requests would require Nuveen to conduct an expensive and time consuming search of its electronic archives for emails, as well as searches of the computers of the computers maintained by every portfolio manager and every analyst involved with every non-investment grade bond transaction. In addition, Nuveen asserts that it would be required to conduct an even more burdensome search of the computer drive shared by the analysts and portfolio managers where much of the information regarding every bond held by the Nuveen municipal bond funds is kept, as well as production of the entire paper file on all such bond purchases.

3

The Court agrees with Nuveen that the requests for production are overbroad and that the burden associated with responding far outweighs the potential relevance of the discovery. This is particularly so in light of the fact that Nuveen will be responding to Interrogatory No. 3 regarding its experience with RBANs, and based upon Nuveen's representation that (1) the two Nuveen funds that purchased the Notes have already produced all documents relating to how Nuveen valued the Notes between 2004 and 2008, (2) the City has taken the depositions of three Nuveen witnesses and questioned them regarding how Nuveen valued the Notes in 2004, and (3) the calculation relating to the "true value" of the Notes will be the subject of expert disclosures. Docket No. 144 at 5. The Court agrees with Nuveen that the scope of the requests is extremely broad. For example, Requests 91-93 seek "all" documents any of the 63 Nuveen funds "considered, analyzed or observed" relating to any non-investment grade security, over a three year period (Request 91) or at any time (Requests 92 and 93).[2] Equally, if not more broad, is Request 99, which seeks "all" documents pertaining to default rates for "below investment grade," high yield or junk municipal fixed income or debt securities.[3] The other requests are similarly broad and/or vague.

Accordingly, Alameda's motion to compel responses to requests for production of documents is DENIED. (Docket No. 137).

**IT IS SO ORDERED.**

Dated: December 1, 2010

SUSAN ILLSTON
United States District Judge

---

[2] Nuveen states that it has a 100-year plus history. Docket No. 144 at 6.

[3] In any event, the Court notes that for several of the requests at issue, Nuveen's letter brief states that, based upon Nuveen's understanding of the information sought by the request, Nuveen does not have any responsive documents.

4