H. JAMES WULFSBERG
CHARLES W. REESE
TIMOTHY A. COLVIG
ERIC J. FIRSTMAN
GREGORY R. AKER
TERRI ANN KIM
DAVID A. ROSENTHAL
STEPHEN L. CALI
MARK A. STUMP
WILLIAM L. DARBY
KRIS A. COX
DAVID DARROCH
MICHAEL J. HIGGINS
DAVID J. HYNDMAN
DEIRDRE JOAN COX
RICHARD E. ELDER
JEFFREY R. WARD
J. TODD WULFSBERG

LAW OFFICES

## WULFSBERG REESE COLVIG & FIRSTMAN

PROFESSIONAL CORPORATION

KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524

TELEPHONE (510) 835-9100
FACSIMILE
(510) 451-2170
(510) 451-2575
www.wulfslaw.com

FILE NUMBER 1883-010

April 20, 2011

**ELECTRONICALLY FILED**

Honorable Susan Illston
United States District Court
450 Golden Gate Avenue
Courtroom 10, 19th Floor
San Francisco, California 94102

Re:   *City of Alameda et al. v. Nuveen Funds*
      Case No. C 08-4575 SI

Dear Judge Illston:

      On behalf of the City of Alameda ("Alameda"), we write regarding plaintiff, the Nuveen funds and Pacific Specialty Insurance's (collectively "Nuveen") motion in limine (Docket No. 214) which Nuveen noticed for hearing on May 20, 2011. The Court's Pretrial Instructions (Item 6) require that motions in limine be heard at the pretrial conference (which is set for June 21, 2011) or prior to the dispositive motion cutoff (which was January 7, 2011). Item 6 states:

> Any party wishing to have motions in limine heard prior to the commencement of trial must file and serve same no later than fourteen days prior to the date set for the Pretrial Conference. Any party opposing such a motion in limine shall file and serve its opposition papers no later than seven days prior to the Pretrial Conference. Reply papers are not required. The motions will be heard at the Pretrial Conference or at such other time as the Court may direct. Nothing in this provision prevents a party from noticing motions in limine regularly for hearing *on or prior to the final day for hearing dispositive motions*.

(Emphasis added).

Alameda respectfully requests that the Court clarify that Nuveen's motion shall be heard at the Pretrial Conference with oppositions due seven days before that conference in accordance with the Court's Pretrial Instructions. To the extent the Court is inclined to hear the motion at some earlier time, Alameda requests that the Court set a briefing schedule that will permit defendants ten days after motions for summary judgment are decided to submit their oppositions. The

[DENIED stamp — Judge Susan Illston]

Honorable Susan Illston
April 20, 2011
Page 2

parties should not be forced to spend money briefing issues which Alameda submits should be rendered moot by the pending dispositive motions, particularly where there is no need to do so and the Court's Pretrial Instructions offer an eminently workable, more-efficient alternative.

As always, we would be pleased to address any questions the Court may have.

Respectfully Submitted,

WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION

RICHARD E. ELDER

1883-010\2330117.1