IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUVEEN FUNDS/CITY OF ALAMEDA SECURITIES LITIGATION, <br><br>_____/ | No. C 08-4575 SI; Related Case No. C 09-1437 SI <br><br>**ORDER VACATING HEARING AND DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Plaintiffs have filed a motion for leave to file a motion for reconsideration on the issue of California Government Code immunity. Plaintiffs wish to seek reconsideration of the Court's ruling on summary judgment that plaintiffs' state law securities fraud claims against defendant City of Alameda are barred by California Government Code § 818.8 immunity. Plaintiffs' motion raises a new argument, never previously asserted by plaintiffs, that the City is not immune from liability pursuant to California Government Code § 814, which provides that "Nothing in this part affects liability based on contract or the right to obtain relief other than money or damages against a public entity of public employee." Cal. Gov't Code § 814. Plaintiffs' motion for leave asserts that the Notes are contracts, and that plaintiffs' securities fraud claims are "based on contract." Plaintiffs also state that "[g]overnment immunity under Section 814 also appears to be an issue of first impression in the municipal bond context." Motion for Leave at 3:21-22.

The Court ordered supplemental briefing on the immunity question, and set September 2, 2011 for hearing on the request for reconsideration. The Court has now determined that this issue is suitable

for determination without oral argument, pursuant to Local Rule 7-1(b), and hereby VACATES the hearing.

Defendant City of Alameda opposes plaintiffs' motion on numerous grounds. Defendant argues that plaintiffs have not shown that reconsideration is warranted under Civil Local Rule 7-9(b) because, *inter alia*, plaintiffs have not shown reasonable diligence in raising this new argument for the first time after summary judgment. Defendant also argues that plaintiffs cannot invoke § 814 because plaintiffs' First Amended Counterclaim does not allege any contract claims, nor does it allege the existence of a contract. Defendant contends that plaintiffs are improperly attempting to assert entirely new "contract based" theories that have never been alleged or litigated in this three year old case.

The Court concludes that plaintiffs have not shown that reconsideration is warranted under Civil Local Rule 7-9(b). A party seeking leave to file a motion for reconsideration "must specifically show" the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(b). Plaintiffs assert that the "immunity issue developed in an unusual manner" because Alameda moved to dismiss the *Osher* action on immunity grounds, but did not assert immunity in this case until summary judgment. Plaintiffs note that the Court originally rejected Alameda's immunity arguments when the Court denied the motion to dismiss in *Osher*, and plaintiffs attempt to show reasonable diligence by asserting that "Section 814 was not researched or addressed when Alameda raised the immunity issue against Nuveen because it appeared the arguments made by Osher as reflected in the Court's order on the motion to dismiss were still sound." Motion for Leave at 3:19-21.

It may be that the immunity issue developed in an unusual manner in this case. Nevertheless, plaintiffs have not shown that they exercised diligence in raising Section 814, which was enacted in

2

1963. *See* Cal. Gov't Code § 814 (Added by Stats.1963, c. 1681, p. 3267, § 1). The Court's August 11, 2009 order denying Alameda's motion to dismiss the *Osher* case on immunity grounds stated that the application of § 818.8 to the California Corporate Securities Act appeared to be a novel question for which California case law provided no established answer, that the parties had not fully briefed the issues, and that "[u]nder all these circumstances, the Court is not persuaded at this time" that Alameda was immune from securities fraud claims under § 818.8. Order Granting in Part and Denying in Part Defendant's Motion to Dismiss at 9:13 (Docket No. 25 in C 09-1437 SI). That order also stated, "In the event defendant is able to make a further showing on this issue at a future date, it may renew its argument at that time." *Id.* at 9:27-28.

Alameda renewed its immunity argument in its motions for summary judgment in *Osher* and this case. Alameda's motion for summary judgment (and supplemental summary judgment briefing specifically on the immunity question)[1] cited new authority in support of its argument that it was immune under § 818.8. The issue was briefed extensively. As Alameda notes, plaintiffs were given leave to file oversized summary judgment opposition briefs totaling 114 pages, and they never raised Section 814. Although plaintiffs may have believed that the arguments as made by Osher and as reflected in the Court's August 2009 order "were still sound," that does not explain why plaintiffs did not present any argument based on Section 814 in opposition to summary judgment, nor does it establish "reasonable diligence." Indeed, plaintiffs did not raise Section 814 until July 27, 2011 when they filed the motion for leave to file a motion for reconsideration, over two months after the Court's summary judgment order was filed and only two months before the October 4, 2011 trial date.

///

---

[1] *See* Docket No. 163 (Defendant's Motion for Summary Judgment at 21:3-22:16) & Docket No. 163-3 (supplemental briefing on immunity).

3

Accordingly, plaintiffs have not demonstrated "reasonable diligence" and the motion is DENIED.[2] Docket Nos. 245 & 256.

**IT IS SO ORDERED.**

Dated: September 1, 2011

SUSAN ILLSTON
United States District Judge

---

[2] Further, even if plaintiffs had exercised diligence, it is far from clear that they could invoke § 814 in this case and at this juncture. Plaintiffs assert that municipal bonds are contracts, and that their securities fraud claims against Alameda are "based on contract." However, as noted by Alameda, the 66 page FACC does not allege that plaintiffs' claims are "based on contract." Granting plaintiffs leave to seek reconsideration on § 814 grounds would necessarily lead to further motion practice on whether plaintiffs should be given leave to amend their counterclaims on the eve of trial.

4