IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NUVEEN FUNDS/CITY OF ALAMEDA SECURITIES LITIGATION,<br><br>And related actions.<br>_____/ | No. C 09-1437 SI; Related Case No. C 08-4575 SI<br><br>**ORDER DENYING ALAMEDA'S MOTION FOR DEFENSE COSTS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE 1038** |

Defendant City of Alameda's motions for defense costs are scheduled for a hearing on September 9, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing.

**DISCUSSION**

Defendant City of Alameda seeks its fees and costs incurred in litigating these cases pursuant to California Code of Civil Procedure 1038. Section 1038 provides in part that:

> (a) In any civil proceeding under the California Tort Claims Act or for express or implied indemnity or contribution in any civil action, the court, upon motion of the defendant or cross-defendant, shall . . . determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief that there was a justiciable controversy under the facts and law which warranted the filing of the . . . complaint. . . . If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party. . . .
>
> (b) "Defense costs," as used in this section, shall include reasonable attorneys' fees, expert witness fees, the cost of services of experts, advisers, and consultants in defense of the proceeding, and where reasonably and necessarily incurred in defending the proceeding . . . .

Cal. Code Civ. Proc. § 1038. The California Court of Appeal recently articulated the standard for deciding a § 1038 motion:

> Good faith, or its absence, involves a factual inquiry into the plaintiff's subjective state of mind. . . . A subjective state of mind will rarely be susceptible of direct proof; usually the trial court will be required to infer it from circumstantial evidence. Because the good faith issue is factual, the question on appeal will be whether the evidence of record was sufficient to sustain the trial court's finding. Reasonable cause is to be determined objectively, as a matter of law, on the basis of the facts known to the plaintiff when he or she filed or maintained the action. Once what the plaintiff (or his or her attorney) knew has been determined, or found to be undisputed, it is for the court to decide whether any reasonable attorney would have thought the claim tenable. . . . Because the opinion of the hypothetical reasonable attorney is to be determined as a matter of law, reasonable cause is subject to *de novo* review on appeal.

*Clark v. Optical Coating Laboratory, Inc.*, 165 Cal. App. 4th 150, 182-83 (2008) (internal citation and quotations omitted).

Alameda contends that Osher and the Nuveen plaintiffs brought their claims against Alameda without reasonable cause and without a good faith belief there was a justiciable controversy under the facts and law which warranted the filing of their claims. Alameda argues, *inter alia*, that (1) plaintiffs abandoned the allegations of their complaints/counterclaims after discovery proved the allegations false, and they asserted entirely new and baseless theories in opposition to summary judgment; (2) plaintiffs' state law claims were barred by government immunity, and, in *Osher v. City of Alameda et al.*, C 09-1437 SI, Osher's failure to comply with claims presentation requirements; and (3) plaintiffs are sophisticated investors who should have known that their securities fraud claims were without merit.[1]

Plaintiffs strongly dispute Alameda's characterization of their claims and they argue that they never "abandoned" their allegations or theories. Plaintiffs also argue that governmental immunity was a close question, and Osher additionally argues that he believed he had substantially complied with the claims presentment requirement by, *inter alia*, participating in pre-litigation mediation with Alameda.

The Court finds that Alameda has not shown that it is entitled to an award of fees and costs under

---

[1] Alameda also notes that the Court granted summary judgment in favor of defendants on plaintiffs' federal securities law claims based on failure to establish loss causation. However, plaintiffs cite authority for the proposition that a federal claim such as a Rule 10b-5 claim is not a claim "arising under the [California Government Claims Act]"; *see California Correctional Peace Officers Ass'n v. Virga*, 181 Cal. App. 4th 30, 37 (2010). In response, Alameda agrees with plaintiffs that the Court should not consider the 10b-5 claims in determining whether Alameda is entitled to defense costs under Section 1038.

Section 1038. These cases were factually and legally complicated, and although plaintiffs' theories had shifted by the time of summary judgment, the Court largely denied defendant Stone and Youngberg's motions for summary judgment on plaintiffs' state law claims, finding that there were disputes of fact precluding summary judgment as to the merits of those claims. Alameda argues that plaintiffs' state law claims were groundless because they were barred by governmental immunity under California Government Code § 818.8. However, while the Court granted summary judgment in favor of Alameda on that basis, the question of whether plaintiffs' securities fraud claims were barred by § 818.8 presented a number of novel and complex questions. As the parties are well aware, Alameda initially moved to dismiss the *Osher* action on immunity grounds, but did not similarly move to dismiss *Nuveen* based on immunity. The Court's August 11, 2009 order denying Alameda's motion to dismiss the *Osher* case on immunity grounds stated that the application of § 818.8 to the California Corporate Securities Act appeared to be a novel question for which California case law provided no established answer, that the parties had not fully briefed the issues, and that "[u]nder all these circumstances, the Court is not persuaded at this time" that Alameda was immune from securities fraud claims under § 818.8. Order Granting in Part and Denying in Part Defendant's Motion to Dismiss at 9:13 (Docket No. 25 in C 09-1437 SI). That order also stated, "In the event defendant is able to make a further showing on this issue at a future date, it may renew its argument at that time." *Id*. at 9:27-28. Citing new authority, Alameda successfully renewed its immunity argument in its motions for summary judgment in both cases. Thus, unlike the cases cited by Alameda where courts have granted § 1038 fees because the plaintiffs' claims were clearly barred by immunity, here the immunity question was a close and complicated one. *Cf. Kobzoff v. Los Angeles County Harbor/UCLA Med. Ctr.*, 19 Cal. 4th 851 (1998) (affirming § 1038 cost award where lower courts held medical malpractice and negligence claims brought by estate of mental patient were barred by Government Code § 856.2, which specifically provides immunity for the injury or death of an escaping mental patient).

With regard to *Osher*, Alameda also contends that it is entitled to § 1038 costs because Osher's claims were barred "from the start" by his failure to comply with the Government Claims Act. Alameda asserts that there was no factual or legal basis for Osher to contend that he substantially complied with the claims presentation requirement because Osher never submitted a "writing" to Alameda as required

3

by the Government Code. On summary judgment, Osher unsuccessfully argued that he was not required to comply with the claims presentment statute because his state law claims fell within the exception set forth in Cal. Gov't Code § 905(g), and because this case was filed months after the City filed its own declaratory relief action against Nuveen based on the same claims asserted by Osher, and after Osher, Nuveen and the City had engaged in pre-litigation mediation. Although Alameda raises some forceful arguments in its § 1038 motion with regard to the claims presentment issue, the Court finds that there is no basis in the record to conclude that Osher's claims presentment arguments were brought in bad faith or without reasonable cause.

## CONCLUSION

Accordingly, the Court DENIES Alameda's motions for defense costs. Docket No. 243 in C 08-4575 SI and Docket No. 207 in C 09-1437 SI.

**IT IS SO ORDERED.**

Dated: September 7, 2011

SUSAN ILLSTON
United States District Judge