1

2

3

4

5  IN THE UNITED STATES DISTRICT COURT

6  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  CITY OF ALAMEDA, CALIFORNIA,          No. C 08-4575 SI and No. C 09-1437 SI

9          Plaintiff,                    **ORDER RE: ALAMEDA'S BILL OF COSTS**

10   v.

11  NUVEEN MUNICIPAL HIGH INCOME
   OPPORTUNITY FUND,
12

13          Defendant.
   _____/

14

15          In its bill of costs, defendant City of Alameda seeks to recover a total of $131,913.58, consisting

16  of (1) $390.00 in Fees of the Clerk; (2) $83,607.28 in "Fees for printed or electronically recorded

17  transcripts necessarily obtained for use in the case"; and (3) $47,916.30 in "Fees for exemplification and

18  the costs of making copies of any materials where the copies are necessarily obtained for use in the

19  case."  Docket No. 270 in C 08-4575 SI; Docket No. 228 in C 09-1437 SI.  As discovery was

20  consolidated in these related cases, Alameda seeks to hold Nuveen and Osher jointly and severally liable

   for the total costs incurred in its defense of both cases.
21
          Nuveen and Osher filed objections to the Bill of Costs, to which Alameda responded.[1]  In
22
   Alameda's response, Alameda states, *inter alia*, that it discovered that it had mistakenly included a few
23
   *Vectren*-related invoices in the bill of costs.  Alameda requests a reduction of $4,690.84 in the amount
24
   of reproduction costs, and now seeks a total of $127,222.74.
25

26

27  ─────────────────

        [1]  Osher joined in all of Nuveen's specific objections to the cost bill, and raised additional
28  objections particular to Osher.  Unless otherwise noted, citations to the docket are citations to *Nuveen*.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and for witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 U.S. Dist. LEXIS 17803, at *2 (N.D. Cal. Dec. 2, 1993). The taxation of costs lies within the trial court's discretion. *In re Media Vision Tech. Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

According to Civil Local Rule 54-1(a), a bill of costs "must state separately and specifically each item of taxable costs claimed." Civ. L.R. 54-1(a). Further, a party seeking costs must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and "[a]ppropriate documentation to support each item claimed." *Id*. With regard to individual itemized costs, "the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002).

**DISCUSSION**

**I.    Entitlement to costs and/or deferring a decision on costs pending appeal**

Plaintiffs contend that Alameda should not be awarded costs because this case raised novel and important legal issues, plaintiffs' claims had merit, and plaintiffs litigated these cases in good faith. In

2

the alternative, Nuveen argues that the Court should defer a decision on the bill of costs pending Nuveen's appeal.[2]

The Court finds no reason to depart from the presumption in favor of awarding costs. These securities fraud cases are not "extraordinary," and the Court finds that there is no reason "why, in the circumstances, it would be inappropriate or inequitable to award costs." *Assoc. of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). The Court also finds that there is no basis to defer a decision on the bill of costs pending Nuveen's appeal, because, *inter alia*, Nuveen has not shown that it will be irreparably harmed absent a stay. *See Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-5124 JCS, 2008 WL 5245931, at *1 (N.D. Cal. Dec. 17, 2008).

## II. Joint and several liability

Alameda seeks to hold plaintiffs jointly and severally liable for its costs because these cases were consolidated for purposes of pretrial discovery. The Court agrees. Plaintiffs' claims against Alameda were essentially identical, discovery was consolidated, and plaintiffs are in a better position than Alameda to apportion and segregate costs as between Nuveen and Osher.[3] Accordingly, the Court taxes costs against plaintiffs on a joint and several basis.

## III. Specific objections to costs

### A. Synchronizing deposition videos

Plaintiffs object to $6,005 in costs incurred by Alameda to synchronize videotaped depositions. With a synchronized deposition video, a clip of the deposition can be played while the corresponding transcript text scrolls on the bottom of the screen. Plaintiffs argue that these costs are not necessary, and

---

[2] Osher did not file an appeal.

[3] Indeed, both plaintiffs object that certain costs are only attributable to *Osher* or *Nuveen*, thus demonstrating that plaintiffs can determine which costs should be shared and which costs should be borne by a particular plaintiff. As the Court is awarding costs on a joint and several basis, plaintiffs' objections that certain costs should be paid by the other plaintiff are OVERRULED. Similarly, the Court OVERRULES Osher's objection that it should not have to pay for costs incurred by Alameda prior to the filing date of Osher's complaint. Alameda produced documents to Nuveen before the *Osher* lawsuit was filed, and Osher received copies of that discovery.

United States District Court

For the Northern District of California

1  instead were incurred for the convenience of Alameda's counsel.  Alameda responds that it paid to have

2  important deposition video synchronized with the transcripts because Alameda was preparing the

3  depositions to use at the trial.  Alameda asserts that synchronization is a valuable evidentiary tool for

4  the convenience of the Court and the jury, not the convenience of counsel.

5          The Court finds that these costs are recoverable because, if this case had proceeded to trial,

6  synchronized videotaped depositions would have assisted the jury in understanding the evidence in this

7  case, much of which was complicated.  Other courts have found such costs to be recoverable.  *See, e.g.,*

8  *BDT Prods, Inc. v. Lexmark Int'l*, 405 F.3d 415, 419-20 (6th Cir. 2005) (affirming district court's award

9  of synchronized deposition costs after grant of summary judgment to defendant); *Hynix Semiconductor*

10 *Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1150-51 (N.D. Cal. 2010) (such costs recoverable under Civil

11 Local Rule 54-3(c) and 54-3(d)(5)).  Accordingly, the Court OVERRULES plaintiffs' objection.

12

13          **B.      "Extra" deposition costs**

14          Plaintiffs object to $8,725.93 in costs that include "rough" disks, "miniscript" condensed

15 transcripts, expedited transcripts, electronic scanning of deposition exhibits, and overnight and/or

16 express delivery charges for deposition transcripts.  Plaintiffs argue that costs for additional copies of

17 transcripts are not recoverable because Civil Local Rule 54-3(c)(1) allows for "[t]he cost of an original

18 and *one* copy of any deposition (including video taped depositions) taken for any purpose . . . ."

19 Alameda asserts that the "rough" disks and expedited transcripts allowed Alameda's attorneys to take

20 depositions of Nuveen witnesses on Nuveen's own schedule, primarily during two trips to Chicago.

21          The Court concludes that the costs for additional copies of deposition transcripts are not

22 recoverable.  Although it appears that Alameda incurred these costs in order to concentrate the Chicago

23 Nuveen depositions in back-to-back sessions, Alameda does not cite any authority for the proposition

24 that it may recover for the costs of "rough" disks, "miniscripts" or expedited transcripts in addition to

25 the cost of an original and one copy of a deposition permitted under Civil Local Rule 54-3(c)(1).  Courts

26 in the Northern District have held that costs for additional copies of transcripts are not recoverable.  *See*

27 *Intermedics, Inc. v. Ventritex, Inc.*, No. C–90–20233 JW (WDB),1993 WL 515879, at *3 (N.D. Cal.

28 Dec. 2, 1993) ("If a party elects to have the transcript made available in an additional, separate medium,

such as on diskette or in a condensed 'travel copy,' the party must bear any additional expenses associated with that choice."); *see also Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 WHA, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005); *Ishida Co., Ltd. v. Taylor*, No. C-02-1617-JF (PVT), C-02-05416-JF (PVT), 2004 WL 2713067, at *1 (N.D. Cal. Nov. 29, 2004).  Accordingly, the Court SUSTAINS plaintiffs' objections to these costs.

A number of charges are for Federal Express or overnight delivery charges.  Alameda asserts that "[c]learly, courier service is the safest and most efficient manner to deliver deposition materials."  Alameda's Response at 5:25-26.  However, Alameda does not cite any authority holding that these costs are recoverable, and "[t]he normal practice in the Northern District is to disallow any postage and handling charges that exceed the rate of regular first-class mail plus handling."  *Intermedics*, 1993 WL 515879, at *3 (courier service and express delivery charges associated with obtaining deposition transcripts are not recoverable).  Accordingly, the Court SUSTAINS plaintiffs' objections to the Federal Express and overnight delivery charges.

Finally, certain of the costs at issue ($877.60) relate to electronic scanning of exhibits.  Plaintiffs' objection does not specifically address these costs or explain why they should be disallowed.  Alameda contends that these costs are allowable under Civil Local Rule 54-3(c)(3), which provides that "the cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable."  The Court agrees with Alameda that costs for electronic scanning of exhibits are recoverable under Civil Local Rule 54-3(c)(3), and OVERRULES this aspect of plaintiffs' objection.

Accordingly, the Court disallows $7,848.33 of the claimed costs.

### C.   Alameda City Council transcripts

Plaintiffs object to $954 that Alameda paid to have two Alameda City Council hearings transcribed.  Plaintiffs object that these transcripts were "unspecified."  However, Alameda states that during meet and confer efforts it explained that it had the two City Council hearings transcribed because the City Council was the governing board that approved the sale of the securities in dispute in this case, and the hearings concerning the securities were directly relevant to defending against plaintiffs' claims.

Local Rule 54-3(d)(1) allows the costs of "reproducing and certifying or exemplifying

government records used for any purpose in the case . . . ." Civ. Local Rule 54-3(d)(1).  The Court finds that these costs are recoverable and OVERRULES plaintiffs' objection.

### D.     Hearing transcripts

Plaintiffs object to $801 for reporters' transcripts of various hearings in this case.  Plaintiffs contend these costs are not recoverable because Civil Local Rule 54-3(b)(1) allows for "the costs of transcripts necessarily obtained for an appeal," and Alameda ordered the transcripts at issue *before* Nuveen filed its notice of appeal.  Alameda responds that it needs the transcripts for it to respond to Nuveen's appeal.  The Court finds that the costs are recoverable and OVERRULES plaintiffs' objection.

### E.     Exemplification costs

Alameda seeks $43,225.46 in exemplification costs.[4]  These costs fall into three general categories: (1) reproduction of disclosures and formal discovery, (2) PACER charges, and (3) charts and visual aids for trial.

#### 1.     Document production

Alameda seeks $27,143.89 in costs incurred in reproducing disclosures and formal discovery documents.[5]  Plaintiffs object to these costs on a number of grounds.  Plaintiffs assert that the vast majority of these charges appear to be expenses incurred for OCR, metadata extraction and conversion of paper documents into electronic format.  Plaintiffs state that they requested production of documents

---

[4]  This is the revised figure after deducting the $4,690.84 in *Vectren* costs that Alameda's response states were mistakenly included in the cost bill.

[5]  This is the revised figure after deducting the $4,690.84 in *Vectren* costs.  The Court notes that plaintiffs' objections confusingly state that Alameda's bill of costs seeks $37,000 in "document reproduction" costs, and yet the itemized list of disputed costs totals $34,718.62.  Docket No. 274 at 23:1-25:23.  The $34,718.62 figure includes the costs for aerial photographs and maps, discussed *infra*, and incorrectly lists one charge twice (the $450 charge for Sam Sargent Photography – the invoices show that the charge was incurred on 2-28-11 and paid by Alameda on 3-10-11).  In evaluating the bill of costs and plaintiffs' objections thereto, the Court arrived at $27,143.89 as the correct amount attributable to reproducing disclosures and formal discovery documents by using the subtotal contained in Exhibit B to the cost bill for "reproduction of disclosure and formal discovery documents and trial exhibits" and deducting $4,690.84.

United States District Court
For the Northern District of California

in paper format, but that most of Alameda's document production was done in electronic format at Alameda's insistence because Alameda had already incurred the cost to produce electronic documents in the previously-filed *Vectren* case. Plaintiffs state that during the parties' meet and confer regarding the bill of costs, plaintiffs requested Alameda to identify which charges were attributable to these actions and to explain why it was seeking costs for OCR, metadata extraction, and conversion of paper documents into electronic format when those charges had already been incurred in *Vectren*. According to plaintiffs, Alameda "refused to provide a straight answer" to these questions.

In response, Alameda states that plaintiffs encountered problems creating their electronic document databases, and that Alameda "thus prepared and produced OCR text files and other database-management files to Nuveen and Osher, at their demand." Docket No. 281 at 8:7-8. In addition, although not asserted in Alameda's response to plaintiffs' objections, during the parties' meet and confer, Alameda informed plaintiffs that some of the disputed invoices were for "printing, binding and tabbing disclosure documents to prepare fact witnesses for deposition and to provide to experts as basis for their opinion." Docket No. 274-2 at 1.

The Court has reviewed all of the parties' papers, including the invoices at issue and the parties' meet and confer e-mails and letters. The Court agrees with plaintiffs that OCR and metadata extraction are not recoverable. *See Computer Cache Coherency Corp. v. Intel Corp.*, No. C-05-01766 RMW, 2009 WL 5114002, at *4 (N.D. Cal. Dec. 18, 2009). In contrast, costs for electronic scanning are recoverable. *See id.* In addition, while Alameda is correct that the Local Rule states that "the cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable," courts have interpreted that Rule as allowing costs for "copied documents . . . prepared for use in presenting evidence to the court or prepared or tendered for the opposing party." *United States, ex rel. Meyer v. Horizon Health Corp.*, No. C 00-1303 SBA, 2007 WL 518607, at *5 (N.D. Cal. Feb. 13, 2007). Thus, invoices for copies of disclosure documents that Alameda provided to fact witnesses and experts are not recoverable.

With these guidelines in mind, the Court will permit Alameda to file a revised and supplemental cost bill seeking costs for electronic scanning of documents required for the document production in these cases, as well as the costs for photocopying documents for the document production. If Alameda

seeks costs for electronic scanning, the supplemental cost bill shall be accompanied by a declaration explaining why electronic scanning of documents was required in these cases. Alameda shall submit the revised and supplemental cost bill no later than 14 days after the filing date of this order, and plaintiffs may file an objection to the revised and supplemental cost bill no later than seven days after the filing of the revised and supplemental cost bill. The revised and supplemental cost bill, and any objections thereto, shall be limited solely to (1) costs for electronic scanning of documents and (2) costs for photocopying documents for document production.

### 2. PACER

Plaintiffs object to $674.32 in PACER charges. Alameda asserts that these costs are recoverable under Civil Local Rule 54-3(d)(1), which allows the "cost of reproducing, certifying or exemplifying government records used for any purpose in the case." However, Civil Local Rule 54-3(d)(3) states that "the cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable." The Court finds that the PACER charges are not allowable, and SUSTAINS plaintiffs' objection. Accordingly, the Court disallows $674.32 from Alameda's cost bill.

### 3. Charts and visual aids for trial

Plaintiffs object to $13,000 for "unexplained expenses" paid to "SNL Kagan," and $631.78[6] paid to Advanced Courtroom Technologies. Plaintiffs assert that these costs are "unexplained," and also asserts these costs are for Alameda's counsel's purchase of computer software and hardware for its law firm. Plaintiffs also object to $2,407.25 for aerial photographs and maps of Alameda, asserting that these photographs and maps were never produced to plaintiffs and that Alameda has not explained how these documents are relevant to this case.

In response, Alameda states that these costs are recoverable under Civil Local Rule 54-3(d)(5), which allows costs for "preparing charts, diagrams, videotapes and other visual aids to be used as

---

[6] Although plaintiffs include the $631.78 Advanced Courtroom Technologies invoice in their objections to Alameda's exemplification costs, Alameda listed that invoice under "Deposition Transcripts" in the costs summary, Bill of Costs Ex. B, and thus this amount is included in the total for "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."

United States District Court
For the Northern District of California

exhibits . . . if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Alameda states that it retained SNL Kagan to prepare exhibits to explain complicated historical financial data related to the nationwide telecom industry. *See* Elder Decl. ¶ 8. Alameda states that it retained Advanced Courtroom Technologies to prepare and configure Alameda's trial exhibits for use on the Court's video system, and that none of the disputed costs are for computer software or hardware. *Id.* Finally, with regard to the aerial maps and photographs, Alameda states that it prepared those exhibits to be used at trial to demonstrate the challenges that Alameda faced in building a successful telecom system.

The Court finds that the costs are recoverable under Civil Local Rule 54-3(d)(5), and OVERRULES plaintiffs' objection.

### F.    Legal research[7]

Plaintiffs object to $40 in costs incurred by Alameda to obtain the court file in *BNY Western Trust Co. v. Superior Court*. The case file for *BNY* was not on a computerized legal research database, and thus Alameda had to retrieve it from the Clerk of the Court for the Second Appellate Division. Plaintiffs object that this cost is properly characterized as legal research, which is not a recoverable cost under § 1920 or the local rules. Alameda did not respond to plaintiffs' objection to this cost, and the Court agrees with plaintiffs that this cost is not recoverable, whether it is characterized as legal research or "the cost of reproducing copies of motions, pleadings, notices, and other routine case papers" under Civil Local Rule 54-3(d)(3). Accordingly, the Court disallows $40 from the bill of costs.

### CONCLUSION

The Court finds that Alameda is the prevailing party and entitled to recover its costs from plaintiffs on a joint and several basis. The Court awards $91,516.20 in costs, which accounts for the deductions made in this order, as well as a $27,143.89 deduction for the costs claimed for document production costs. Some portion of the $27,143.89 may be awarded after the Court reviews Alameda's

---

[7] This cost was included in the "filing fees" category on the Bill of Costs.

supplemental and revised bill of costs and any objections thereto.

Alameda shall submit the revised and supplemental cost bill no later than 14 days after the filing date of this order, and plaintiffs may file an objection to the revised and supplemental cost bill no later than 7 days after the filing of the revised and supplemental cost bill. The Court will then take the matter under submission.

**IT IS SO ORDERED.**

Dated: January 23, 2012

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

10