IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ALAMEDA, CALIFORNIA, | No. C 08-4575 SI and No. C 09-1437 SI |
| Plaintiff, | **FURTHER ORDER RE: ALAMEDA'S BILL OF COSTS** |
| v. | |
| NUVEEN MUNICIPAL HIGH INCOME OPPORTUNITY FUND, | |
| Defendant. / | |

On January 23, 2012, the Court awarded Alameda $91,526.20 of its claimed costs, and held plaintiffs in these related cases jointly and severally liable for the costs. With regard to certain claimed costs, the Court held that Alameda was not entitled to recover for OCR and metadata extraction, but that Alameda could recover for electronic scanning. The January 23, 2012 order stated that "the Court will permit Alameda to file a revised and supplemental cost bill seeking costs for electronic scanning of documents required for the document production in these cases, as well as the costs for photocopying documents for the document production. If Alameda seeks costs for electronic scanning, the supplemental cost bill shall be accompanied by a declaration explaining why electronic scanning of documents was required in these cases." Order at 7:26-8:2.

In response to the Court's order, Alameda filed a further submission seeking $15,867.99 for scanning documents for production and producing those documents, and $1,144.78 for copying documents for use as exhibits at trial. Nuveen has filed an objection to Alameda's revised cost bill.

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing

1 party as of course and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order
2 provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed.
3 R. Civ. P. 54(d)(1). The taxation of costs lies within the trial court's discretion. *In re Media Vision*
4 *Tech. Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). According to Civil Local Rule 54-1(a),
5 a bill of costs "must state separately and specifically each item of taxable costs claimed." Civ. L.R.
6 54-1(a). Further, a party seeking costs must provide an affidavit stating that the costs were "necessarily
7 incurred, and are allowable by law" and "[a]ppropriate documentation to support each item claimed."
8 *Id*. With regard to individual itemized costs, "the burden is on the party seeking costs . . . to establish
9 the amount of compensable costs and expenses to which it is entitled." *Allison v. Bank One-Denver*, 289
10 F.3d 1223, 1248-49 (10th Cir. 2002).

11 The Court finds that Alameda has not met its burden to show that the costs claimed in the further
12 submission are recoverable. Alameda states that "[e]lectronic scanning was necessary because Nuveen
13 and Osher demanded, and Alameda produced, approximately two million pages of documents in this
14 case." Elder Decl. ¶ 3. However, as Nuveen notes, that this is the same explanation Alameda provided
15 in its original submission. Nuveen states that Alameda electronically produced over 1.7 million pages
16 to Nuveen directly from the same production in *Vectren*, and Nuveen paid for other document
17 production. Nuveen has identified numerous specific invoices that (1) predate the beginning of
18 discovery in these cases, and thus were presumably incurred in the *Vectren* case; (2) appear to relate
19 to *Vectren*, based on references on the invoices such as "accounting documents," as accounting was an
20 issue in *Vectren* and not in these cases; and (3) show costs incurred for "binding" and assembly into
21 three-ring binders, and Nuveen states that Alameda did not produce binders to Nuveen.

22 With regard to the claimed $1,144.78 for copying documents for use as exhibits at trial, Alameda
23 states that this cost is recoverable because it was incurred to prepare visual aids for trial. However, the
24 Court granted summary judgment in favor of Alameda on all claims in an order filed May 16, 2011, and
25 it appears from the date on the invoice that the binders were produced on May 17, 2011. Nuveen also
26 notes that although the handwritten notation on the invoice states "PTF & Def Combined Prelim. Trial
27 Exh.," Nuveen states that it never exchanged trial exhibits with Alameda, and thus the binders could not
28 have included plaintiffs' exhibits.

**CONCLUSION**

Accordingly, for the reasons set forth in this order, the Court DENIES Alameda's revised cost bill. Docket No. 288 in C 08-4575 SI and 236 in C 09-1437 SI.

**IT IS SO ORDERED.**

Dated: May __11__, 2012

SUSAN ILLSTON
United States District Judge